UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                          Case No. 3:15-cr-36-J-32JBT

CHAD JASON LANSFORD

_____

### UNITED STATES' SUPPLEMENTAL MEMORANDUM OF LAW

The United States of America, by and through the undersigned Assistant United States Attorney, files this supplemental memorandum of law to address certain issues raised during the September 27, 2016 sentencing hearing in this case, and states as follows:

At the sentencing hearing held on September 27, 2016, this Court inquired of counsel for the parties regarding the applicability of Section 2251(d)(1)(A) to cases, like this one, involving "notices" and "advertisements," that is, online communications, that were made and sent by a defendant to another single individual recipient.  In this case, the individual recipient was an actual 9-year old child.  The Court cited the cases of *United States v. Grovo*, 826 F.3d 1207 (9th Cir. 2016)[1] and *United States v. Franklin*, 785 F.3d 1365 (10th Cir. 2015) as arguably providing support for the application of Section 2251(d)(1)(A) to semi-private online messages, as well as to the online Facebook instant messages sent by defendant in this case.  After some discussion and argument by counsel, the Court took the matter of statutory applicability under

---

[1] *Grovo* did not address the definition of the term "notice."

advisement and proceeded with the sentencing hearing.  However, the Court postponed pronouncement and imposition of sentence until October 12, 2016 to further consider the matter.  The Court invited the parties to submit any supplemental briefing that they deemed appropriate.

The United States respectfully offers the following points and authority in support of the applicability of Section 2251(d)(1)(A) in this case.  In *Franklin*, the Tenth Circuit noted that "other courts have applied [Section 2251(d)(1)(A)] to media that limit the sharing of files to particular individuals."  *Id.* at 1369 (citing *United States v. Wayerski*, 624 F.3d 1342, 1348 (11th Cir. 2010) (45 members using complex encryption methods), and *United States v. Rowe*, 414 F.3d 271, 277 (2d Cir. 2005) (chat-room posting)).  The *Franklin* court stated:

> Congress surely did not intend to limit the statute's reach to pedophiles who indiscriminately advertise through traditional modes of communication such as television and radio. Congress was trying to capture *all notices and advertisements* targeting individuals interested in obtaining or distributing child pornography.

*Id.* at 1369-70 (emphasis added).  There is no question that in this case, defendant targeted an individual, albeit a prepubescent child, that he hoped would be interested in distributing (and producing) child pornography.  The crime was completed when defendant sent the request notice over the internet.  As a direct result of defendant's requests, the child produced and distributed the contraband images and thereby suffered harm.

A court should consider a term's placement and purpose in the statutory scheme, as well as its bare meaning.  *Holloway v. United States*, 526 U.S. 1, 6 (1999) (citation

omitted).   The purpose of Section 2251(d)(1)(A) is to protect children and to punish those who would do them harm.   An overly narrow reading of the statute and concomitant limited view of its critical terms being considered by the Court would thwart these goals by "immunizing" individuals from prosecution under the statute simply because they seek to obtain or receive child pornography over the internet from only one individual, or in this case, only one child victim, at a time.

To ascertain ordinary meaning or common usage of a statutory term that is undefined therein, courts often turn to dictionary definitions for guidance.   *United States v. Lopez*, 590 F.3d 1238, 1248 (11th Cir. 2009) (citation omitted).   As this Court has noted, the *Franklin* court listed and considered the definitions of the terms "advertisement" and "notice" found in *Webster's Third New International Dictionary* (ed. 1993).   *Franklin*, 785 F.3d at 1368.   The majority of these definitions (21 out of 24) do not contain any "public" component.   *Id*.   This makes sense; after all, an advertisement sent by a business does not cease to be an "advertisement" simply because it is directly marketed to a single potential customer.   Indeed, targeted advertisement is much more likely to reap rewards for both the legitimate business advertiser and the child predator advertiser.   In the child exploitation context, this can be more devastating than mass advertising because the advertiser can focus on, isolate, groom, persuade, and coerce one vulnerable child victim at a time and specifically tailor his notices to exploit that victim's particular weaknesses.

Similarly, the term "notice" certainly applies in ordinary meaning and common usage to communications that are "made, printed, or published" and are designed to be

and are in fact sent by one entity or individual to another single individual or entity. Examples of such "notices" include a notice of eviction placed by a landlord on the door of a delinquent tenant, a notice to appear mailed to a party in a criminal or civil case, and even a reminder notice of a dental appointment sent by text message to a patient's smart phone, to list a few.   These notices do not somehow cease to be "notices" simply because each was only sent to one individual.   Likewise, the instant messages sent by defendant in this case are properly deemed "advertisements" and "notices" under Section 2251(d)(1)(A) even though they were only sent to a single recipient.

In response to the Court's inquiry at the September 27, 2016 hearing regarding other similar advertising cases previously handled by this Court, the United States offered for comparison the case of *United States v. Robert Francis Bricker*, MDFL Case No. 3:08-cr-126-J-32JRK.   A review of the facts of that case reveals that *Bricker* involved both advertisements posted by the defendant on a file sharing website as well as online communications between the defendant and an undercover agent.   An even better example is the case of *United States v. Stephen Joseph Woods*, MDFL Case No. 3:12-cr-195-J-32JBT, which is more like the case at bar with regard to the facts underlying the advertising charge.   Woods pled guilty to a single Section 2251(d)(1)(A) count by way of a plea agreement.   *Woods* Doc. 24.   Woods sent online messages to an undercover officer (who was posing as a 14-year old child and the child's uncle) using Yahoo! instant messaging, email, and text messaging.   *Id*. at 19, 21.   The count of conviction involved an instant message sent by Woods over the internet to the undercover officer (who was using the child's persona) that read, "yes if you say its ok

to take pics of you and film you in sexual acts then I will". *Id.* at 17, 21. This Court accepted Woods' guilty plea and adjudicated him guilty of advertising for child pornography in violation of Title 18, United States Code, Section 2251(d)(1)(A). *Woods* Doc. 26. Ultimately, Woods was sentenced Woods to a term of imprisonment of 15 years in prison followed by a lifetime term of supervised release. *Woods* Doc. 32.

Other Section 2251(d)(1)(A) cases prosecuted in the Jacksonville Division of the Middle District of Florida have also involved online communications, that is, notices and advertisements, seeking child pornography that were made by a defendant and sent by cellular telephone and/or the internet to targeted individual recipients. *See United States v. Brian Russell Pollock*, MDFL Case No. 3:11-cr-71(S1)-J-32JRK (online chats through a closed network peer-to-peer file sharing program between defendant and other individuals; currently pending trial); *United States v. James Patrick Foreman*, MDFL Case No. 3:14-cr-175-J-20JRK (online chats through a closed network peer-to-peer file sharing program between defendant and other individuals; defendant pled guilty and was sentenced to 210 months in prison and 20 years supervised release); *United States v. Jon Christopher Stoune*, MDFL Case No. 3:15-cr-89(S1)-J-34PDB (online communications through an anonymous internet chat application and text messages sent by defendant to an undercover officer; defendant found guilty after jury trial and was sentenced to 210 months in prison and 10 years supervised release); *United States v. Russel Lee Orr*, MDFL Case No. 3:15-cr-67(S1)-J-39JRK (emails and text messages sent by defendant to an undercover officer; defendant found guilty after jury trial and currently pending sentencing); *United States v. Matthew Bryan Caniff*,

5

MDFL Case No. 3:16-cr-60(S1)-J-39JRK (online communications through an anonymous internet chat application and text messages sent by defendant to an undercover FBI agent; currently pending trial); *United States v. Justin Laurence McKinley*, MDFL Case No. 3:16-cr-76-J-39MCR (online chat messages sent by defendant through online video file sharing program to an individual recipient who molested young children and streamed live video to defendant; currently pending trial); and *United States v. Chad Theodore Dillon*, MDFL Case No. 3:16-cr-112-32JBT (online communications through an anonymous internet chat application sent by defendant to an individual minor; currently pending trial).

                          Respectfully submitted,

                          A. LEE BENTLEY, III
                          United States Attorney

By:    *s/ D. Rodney Brown*
        D. RODNEY BROWN
        Assistant United States Attorney
        Florida Bar No. 0906689
        300 N. Hogan Street, Suite 700
        Jacksonville, Florida 32202-4270
        Telephone:  (904) 301-6300
        Facsimile:   (904) 301-6310
        E-mail:       rodney.brown@usdoj.gov

U.S. v. CHAD JOSEPH LANSFORD						Case No. 3:15-cr-36-J-32JBT

### **CERTIFICATE OF SERVICE**

I hereby certify that on September 30, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

>Maurice C. Grant, II, Esq.
>Assistant Federal Public Defender

>*s/ D. Rodney Brown*
>D. RODNEY BROWN
>Assistant United States Attorney